# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **INTERMOUNTAIN WIND & SOLAR, LLC, a Utah limited liability corporation,**<br><br>Plaintiff,<br><br>vs.<br><br>**ALL AMERICAN EXTERIORS, LLC, D/B/A MOUNTAIN STATES SOLAR,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:16-cv-00411<br><br>District Court Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636 (b)(1)(A) referral. (Dkt. No. 4.) Currently pending is Plaintiff Intermountain Wind & Solar, LLC's (Plaintiff or IWS) motion for attorney fees and the declaration of attorney Brent P. Lorimer. (Dkt. No. 29.) Defendant All American Exteriors, LLC d/b/a/ Mountain States Solar (Defendant or MSS) objects to Plaintiff's motion arguing the fees requested are excessive and unnecessary. (Dkt. No. 32.)

**BACKGROUND**

On April 19, 2017, the court issued an Order granting Plaintiff's motion to compel as to Interrogatories 1, 2, 7, 8, 9, 10 and 11 and Requests for Production 2, 4, 6, 7, 8, 11, 12, 30, 36, 37, 38, 39, 41, and 42. (Dkt. No. 28.) Based thereon and pursuant to Federal Rule of Civil Procedure 37, the court awarded Plaintiff, as the prevailing party, its "reasonable expenses incurred in making the motion, including attorney's fees" and ordered IWS to submit a declaration in support. Fed. R. Civ. P. 37(a)(5)(A); *see also Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (a prevailing party "must obtain at least some relief on the merits of his claim.")

On April 25, 2017, Plaintiff submitted a motion for attorney fees along with the declaration of attorney Brent P. Lorimer in support of the attorney fees incurred in conjunction with its motion to compel. (Dkt. No. 29.) Several days later, Defendant filed an objection to the motion (Dkt. No. 32) supported by the declaration of MSS's attorney Chad Steur. (Dkt. No. 32-1.)

**MOTION FOR ATTORNEY'S FEES**

Discretion to determine the amount of a fee award lies within the district court. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1228 (10th Cir. 2015). A reasonable attorney fee is determined by calculating the lodestar. *Clayton v. Steinagel*, 2012 U.S. Dist. LEXIS 180449 *2 (D. Utah, Dec. 19, 2012). Lodestar is ". . . the product of a reasonable rate in the relevant community multiplied by the number of hours reasonably spent on the litigation." *Lippoldt v. Cole,* 468 F.3d 1204, 1222 (10th Cir. 2006). The lodestar amount may be adjusted in order to account for the particularities of the specific case. *See Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012).

Plaintiff's declaration divides the attorney fees requested between: attorney Brent Lorimer

billing 5.0 hours at a rate of $500.00 per hour (5.0 x 500=$2,500.00), associate attorney Brittany Frandsen billing 34.3 hours at a rate of $225.00 per hour (35.3 x 225=$7,717.50) and paralegal Kimberly Bernhardt billing 2.6 hours at a rate of $145.00 per hour (2.6 x 145=$377.00). In total, IWS requests an award of fees in the amount of $10.594.50 (2,500 +7,717.50+ 377.00=$10,594.50) (Dkt. No. 29.)

Defendant opposes the motion arguing the merits of the underlying case while simultaneously admonishing IWS for using "the legal process to inflict an economic injury that would nullify Defendant's ability to seek the protection of the laws." (Dkt. No. 32. p. 2.) Regarding fees, MSS does not assert that the hourly rates are inappropriate, but claims the hours spent by Plaintiff are excessive. Defendant's claim falls into two main categories: (1) telephone calls with Attorney Frandsen; and (2) time spent drafting the short and long form motions to compel. (Dkt. No. 32-1.) The court addresses each of these categories.

**Telephone Calls With Attorney Frandsen**.

Defendant argues billing 4.5 hours for telephone conferences is excessive since most of the communications involved attorney Steur providing mentoring, "encouragement and advice" to "new" attorney Frandsen and did not pertain to any discovery related disputes. IWS, on the other hand, claims the purpose of the telephone conferences was to persuade MSS to produce relevant information and that attorney Frandsen was not in need of any mentoring on the subject matter of the requested discovery.

The parties provide competing interpretations of the nature of the telephone calls at issue. The court declines any invitation to divine the substance of those conversations. Understandably,

personal pleasantries are a part of telephonic communications and there is no indication that either party was forced to engage in off-topic discussions, if any.[1] Accordingly, the court considers the time claimed by IWS for telephone conferences with MSS to be appropriate.

**<u>Drafting Short Form And Long Form Motions To Compel.</u>**

Next, Defendant challenges the amount of time IWS apportions to drafting both the short and long form motions to compel. MSS suggests a motion to compel is "relatively common" and therefore the 34.8 hours claimed should be reduced to a 7.8 hours. Plaintiff counters that Defendant ignores the fact that it is MSS's own failure to produce discoverable information that resulted in the need to draft the motions to compel.

Given that IWS's motion covered twenty-two categories of information and required both a legal and factual analysis of each category, the court does not find the time claimed for the motions to be excessive. The court will, however, limit the amount of time claimed by attorney Frandsen for matching installer invoices to installer emails and contracts as well as completing drafting of the motion to compel from 6.9 hours ($1,552.50) to 2 hours ($450.00). (Dkt. No. 29, pg. 2, Billing Dated 3/09/17.) IWS asserts the 6.9 hours reflects a need to "make sense of the hodge-podge of information" MSS produced and to match invoices and contracts. (Dkt. No. 33, ftn. 3.) While the court understands the information may have been disorganized, combing through and analyzing documents is a routine part of the discovery process and should be considered as independent from the preparation of a motion to compel.

Accordingly, after making the adjustment set forth above, the court finds attorney fees

---

[1] The court further declines to address the issue of whether "mentoring" opposing counsel in an active litigation is a prudent course of action.

totaling $9,492.00 to be reasonable and appropriate based upon the time spent, hourly rate and complexity of the current matter.

## ORDER

Accordingly, for the reasons set forth above, the court hereby ORDERS:

Plaintiff's motion for attorney fees is granted. (Dkt. No. 29.)

Defendant is ordered to pay IWS's attorney fees in the amount of $9,492.00 within thirty (30) days of the date of this Order.

Dated this 16th day of May, 2017.

By: _____
Dustin B. Pead
U.S. Magistrate Judge